**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JERONIMO ANTONIO MENDEZ SOLIS,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-13473 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the amended petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Amended Petition") by Petitioner Jeronimo Antonio Mendez Solis, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility in Newark, New Jersey. ("Delaney Hall"). (ECF No. 9).

2. Petitioner is a citizen of Guatemala. (*Id.* ¶ 1). She entered the United States on or about August 7, 2023 and applied for admission at the San Ysidro Port of Entry. (*Id.*) She filed for asylum and withholding of removal alleging a fear of persecution due to being a transgender woman. (*Id.*)

3. ICE concluded she was inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) and initiated removal proceedings with a Notice to Appear. (ECF No. 10-1 at 1-4).

4. She was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A). (ECF No. 10-2 at 2). Her parole was valid until August 7, 2025. (ECF No. 10-3 at 1).

5. On October 13, 2026, Petitioner was arrested by the Elizabeth Police Department for offering prostitution, N.J.S.A. § 2C:34-1(b)(8); and possession of a controlled substance, N.J.S.A. § 2C:35-10.5(a)(2). (ECF No. 10-4 at 1).

6. She was detained by ICE after being released from police custody. (ECF No. 9 ¶ 22).

7. ICE issued a warrant on October 14, 2026. (ECF No. 10-5 at 1).

8. Respondents argue that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2) because she is an "'arriving alien' who applied for admission at a port of entry and was found inadmissible." (ECF No. 10 at 2).

9. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

10. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when she filed the Petition, and she asserts that her continued detention violates due process. Therefore, this Court has habeas jurisdiction over her claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

11. Petitioner applied for admission into the United States on August 7, 2023 and was paroled into the United States. (ECF No. 10-2 at 2).

12. "[P]arole of such [noncitizen] shall not be regarded as an admission of the [noncitizen] and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the [noncitizen] shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the

same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A).

13. Noncitizens "who are paroled are thus subject to the 'entry fiction' in which they are legally considered as if they remained at the border throughout and after their parole until removal or credible fear proceedings conclude." *Faqirzada v. Rokosky*, No. 25-cv-16639, 2026 WL 63614, at *2 (D.N.J. Jan. 8, 2026).

14. The 2023 Notice to Appear charged Petitioner as an "arriving alien" who was "not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document … ." (ECF No. 10-1 at 1). Petitioner was directed to appear before an immigration judge on February 21, 2024. (*Id.*)

15. The record of this matter makes it clear that Petitioner was detained upon arrival in the United States as an "applicant for admission" under § 1225(b). (*Id.*) Her release on parole does not change that because Petitioner is treated legally as if she remained at the border for the duration of that parole.

16. "Parole shall be automatically terminated without written notice … if not departed, at the expiration of the time for which parole was authorized." 8 C.F.R. § 212.5(e)(1). At the conclusion of her parole, Petitioner was "restored to the status that [she] had at the time of parole," 8 C.F.R. § 212.5(e)(2), *i.e.,* an applicant for admission.

17. "Petitioner thus remained subject to both the removal procedures, and accompanying mandatory detention, which applies to [noncitizens] detained under" § 1225(b). *Faqirzada*, 2026 WL 63614, at *2.

18. Petitioner also argues that Respondents are withholding necessary medical care in the form of her HIV medication in violation of the *Accardi* doctrine and the Rehabilitation Act.

(ECF No. 9 ¶¶ 44-52). She also argues that Respondents are putting her safety at risk by housing her in a male facility. (*Id.* ¶¶ 53-57).

19. "A conditions-of-confinement claim is cognizable in § 2241 proceedings 'only in *extreme* cases.'" *Folk v. Warden Schuylkill FCI*, No. 23-1935, 2023 WL 5426740, at *1 (3d Cir. Aug. 23, 2023) (emphasis in original) (quoting *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020).)

20. Petitioner has not provided any evidence in support of her arguments. In the absence of evidence supporting a conclusion that no relief short of release would protect Petitioner's rights, this Court cannot conclude that she has satisfied the high standard necessary to bring a conditions claim in habeas.

21. Therefore, this Court will deny the Petition.

22. An appropriate order follows.

/s/ Susan D. Wigenton

Hon. Susan D. Wigenton,
United States District Judge

Date: November 23, 2026